■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICO NATAL, Appellant.—Motion for summary reversal granted and a new trial directed. Concur—Stevens, P. J., Markewich and Yesawich, JJ.; Kupferman, J., dissents in the following memorandum: The defendant was convicted of attempted murder in the second degree and two counts of attempted robbery in the first degree, and there were imposed concurrent indeterminate sentences of 6 to 18 years and two terms of 5 to 15 years, respectively,

in January, 1975, and a notice of appeal was immediately filed. Among other things, the defendant contended that he was lacking in criminal responsibility by reason of mental disease or defect. It developed that the minutes for a day of trial (Dec. 9, 1974) are unavailable as the court reporter's attaché case has been stolen. The missing minutes contain the entire testimony of the appellant, the only defense witness, and that of the psychiatrist who testified for the prosecution concerning the appellant's mental disease defense. Because those minutes are missing, although the reason for it is unexplained and unexplored other than the statement of theft, summary reversal is asked for and improvidently granted by the majority of this court. In point, of course, is *People v Rivera* (39 NY2d 519), where it was stated by the court that "a stenographic transcript is not necessarily the only effective way to present the issues on appeal in a particular case. It may, for instance, be possible, for the purpose of appeal, to adequately reconstruct the proceedings at trial and at sentencing by a narrative bill of exceptions based on agreement on the underlying facts and legal issues by counsel, or by counsel and the court, or by resort to other available sources." (p 523) In that case, the Judge who presided at the trial was deceased. In our case, the Judge is not only alive and well, but he has excellent legible notes of exactly what transpired. The psychiatrist is available, and although he may not have any present memory of his testimony, there has yet to be an exploration of whether or not from whatever records are available, he may not reconstruct his testimony. In addition, there is an affidavit from the Assistant District Attorney who tried the case. Although she is now a resident of Sweden, she clearly recollects what the testimony was. Further, there was a Spanish interpreter. No effort has been made to probe the interpreter's memory. Not only should we consider what means there are available to replace the missing minutes, we could also take the affidavit of the defendant whose testimony is missing, and still determine whether it gives any warrant for reversal. I would deny the motion.